# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SISVEL INTERNATIONAL S.A., 3G LICENSING S.A., | ) ) ) C.A. No. 19-1144-MN ) ) ) **JURY TRIAL DEMANDED** ) ) ) ) ) |
| Plaintiffs, | |
| v. | |
| VERIFONE, INC., | |
| Defendant. | |

## DEFENDANT VERIFONE, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

OF COUNSEL:

Carolyn Chang
Hector J. Ribera
Ryan J. Marton
MARTON RIBERA SCHUMANN CHANG LLP
548 Market Street, Suite 36117
San Francisco, CA 94104
Tel:  (415) 360-2511

Dated:  November 12, 2019
6472193 / 49355

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
Tracey E. Timlin (#6469)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com
ttimlin@potteranderson.com

*Attorneys for Defendant VeriFone, Inc.*

# TABLE OF CONTENTS

                                                                                              **Page**

I. NATURE AND STAGE OF PROCEEDINGS ........................................................................ 1

II. SUMMARY OF ARGUMENT ............................................................................................... 1

III. STATEMENT OF FACTS ...................................................................................................... 2

IV. ARGUMENT ........................................................................................................................... 3

    A. Legal Standard ................................................................................................................ 3

    B. The Court Should Dismiss Counts I through XII of the SAC ........................................ 5

        1. The SAC Fails to Plead Facts to Support a Plausible Claim of Direct Infringement ........................................................................................................... 5

        2. The SAC Fails to Plead Facts to Support a Plausible Claim of Indirect and Willful Infringement ...................................................................................... 8

V. CONCLUSION ........................................................................................................................ 9

**TABLE OF AUTHORITIES**

**CASES**

*AgroFresh Inc. v. Hazel Technologies, Inc.*,
  C.A. No. 18-1486-MN, 2019 WL 1859296 (D. Del. Apr. 25, 2019) .......................................... 8

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................................ 3, 4

*Bell Atlantic Corp v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................................ 3, 4

*Blue Spike LLC v. Comcast Cable Comm'ns, LLC*,
  C.A. No. 19-159-LPS-CJB, 2019 WL 4242930 (D. Del. Sep. 6, 2019) ................................... 1, 4

*Commil USA, LLC v. Cisco Sys., Inc.*,
  135 S. Ct. 1920 (2015) ................................................................................................................ 9

*Conley v. Gibson*,
  355 U.S. 41 (1957) ....................................................................................................................... 4

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
  888 F.3d 1256 (Fed. Cir. 2018) ........................................................................................... 6, 7, 8

*Fowler v. UPMC Shadyside*,
  578 F.3d 203 (3d Cir. 2009) .................................................................................................... 3, 4

*Horatio Washington Depot Techs. LLC v. TOLMAR, Inc.*,
  C.A. No. 17-1086-LPS, 2018 WL 5669168 (D. Del. Nov. 1, 2018) ........................................... 7

*LoganTree LP v. Omrom Healthcare, Inc.*,
  C.A. No. 18-1617-MN, 2019 WL 4538730 (D. Del. Sept. 19, 2019) ......................................... 8

*Modern Telecom Sys., LLC v. TCL Corp.*,
  C.A. No. 17-583-LPS-CJB, 2017 WL 6524526 (D. Del. Dec. 21, 2017) ................................... 4

*North Star Innovations, Inc. v. Micron Technology, Inc.*,
  C.A. No. 17-506-LPS-CJB, 2017 WL 5501489 (D. Del. Nov. 16, 2017) ........................... 2, 4, 6

*Raindance Techs. Inc. v. 10x Genomics, Inc.*,
  C.A. No. 15-152-RGA, 2016 WL 927143 (D. Del. Mar. 4, 2016) .......................................... 4, 6

*SIPCO, LLC v. Streetline, Inc.*,
  230 F. Supp. 3d 351 (D. Del. 2017) ......................................................................................... 2, 5

*Valinge Innovations AB v. Halstead New England Corp.*,
  C.A. No. 16-1082-LPS-CJB, 2018 WL 2411218 (D. Del. May 29, 2018) ................................. 9

I.     **NATURE AND STAGE OF PROCEEDINGS**

On September 13, 2019, Plaintiffs Sisvel International S.A. ("Sisvel") and 3G Licensing S.A. ("3G Licensing") (collectively, "Plaintiffs") filed their Second Amended Complaint ("SAC"), asserting claims of patent infringement against VeriFone, Inc. ("Verifone"). (D.I.12) Verifone waived service of process. (D.I.13) Verifone hereby moves to dismiss the SAC in its entirety (counts I through XII) under Federal Rule of Civil Procedure 12(b)(6) for failure to meet the pleading requirements set forth in *Iqbal* and *Twombly*.

II.    **SUMMARY OF ARGUMENT**

As detailed in Verifone's concurrently filed Motion for Rule 11 Sanctions, Plaintiffs failed to exercise minimal due diligence before asserting infringement claims against Verifone. *See* Motion for Sanctions (D.I. 16). This failure is evident from the insufficiency of Plaintiffs' SAC. For example, the SAC is devoid of factual allegations needed to support Plaintiffs' patent infringement claims. The SAC does not allege facts regarding the requirements of the asserted patent claims. *See* SAC (D.I.12) ¶¶ 13-147. It does not allege facts regarding the operation or features of Verifone's Accused Instrumentalities. *See id.* Nor does it allege facts connecting the limitations of the asserted claims to any feature or functionality of the accused Verifone devices. *Id*. The SAC alleges only that Plaintiffs own certain patents and that Verifone sells Accused Instrumentalities. *Id.* ¶¶ 9, 13-17. Without any other allegations, the SAC then concludes that the Accused Instrumentalities infringe Plaintiffs' patents. *See id*. ¶¶ 8-147. This Court has repeatedly found such limited allegations insufficient to state a plausible claim for patent infringement. *See e.g.*, *Blue Spike LLC v. Comcast Cable Comm'ns, LLC*, C.A. No. 19-159-LPS-CJB, 2019 WL 4242930, at *2-4 (D. Del. Sep. 6, 2019) (finding allegations that aver ownership of patents, describe the accused device, and then conclude infringement without more are insufficient to state a claim for patent infringement); *North Star Innovations, Inc. v. Micron*

*Technology, Inc.*, C.A. No. 17-506-LPS-CJB, 2017 WL 5501489, at *2 (D. Del. Nov. 16, 2017) (granting motion to dismiss where complaint "does little more than parrot back the language of [the asserted] claim elements and then states that the accused product is comprised of such elements"); *SIPCO, LLC v. Streetline, Inc.*, 230 F. Supp. 3d 351, 353 (D. Del. 2017) (finding allegations that plaintiff owns patents, that the defendants sell products, and that sales of the products infringe the patents are "insufficient to plausibly allege patent infringement").

Accordingly, Verifone respectfully requests this Court to dismiss Plaintiffs' SAC. Moreover, as requested in Verifone's accompanying Motion for Sanctions, Verifone also respectfully requests the Court award Verifone its attorneys' fees and costs incurred in bringing this motion.

## III. STATEMENT OF FACTS

On September 13, 2019, Plaintiffs filed their SAC alleging that Verifone infringes twelve asserted patents. (D.I.12). The SAC contains only five paragraphs with factual allegations regarding the asserted patents, three of which are directed to Plaintiffs' alleged ownership of the asserted patents. SAC (D.I.12) ¶¶ 15-17.[1] The other two paragraphs simply allege that the patents "relate to technology for cellular communications networks such as, but not limited to 2G, 3G, and 4G/LTE." *Id.* ¶¶ 13-14. There are no allegations describing the purported inventions of the asserted patents. Nor are there any allegations setting forth the specific limitations or requirements of any asserted claim.

---

[1] Sisvel claims to own five of the asserted patents: U.S. Patent Nos. 6,529,561 ("the '561 patent"); 7,433,689 ("the '689 patent"); 8,364,196 ("the '196 patent"); 7,751,803 ("the '803 patent"); and 7,894,443 ("the '443 patent"). *Id.* ¶ 15, Exs. 1-5. 3G Licensing claims to own seven of the asserted patents: U.S. Patent Nos. 7,274,933 ("the '933 patent"); 7,460,868 ("the '868 patent"); 7,596,375 ("the '375 patent"); 8,273,374 ("the '374 patent"); 8,472,955 ("the '955 patent"); 8,948,756 ("the '756 patent"); and 8,897,503 ("the '503 patent"). *Id.* ¶ 16, Exs. 6-12.

The SAC contains even fewer factual allegations regarding Verifone's accused products. The SAC avers that Verifone "sells and offers to sell products and services . . . that incorporate infringing technology," specifically that Verifone "makes, uses, sells, offers for sale, provides and causes to be used . . . Carbon Mobile 5, UX 300, V400m, VX680, and VX690 ("Accused Instrumentalities"), among other devices." *Id*. ¶¶ 8-9. The SAC does not allege any facts regarding the Accused Instrumentalities. There are no allegations regarding what the Accused Instrumentalities are or how they are used. The SAC does not identify any features or functionalities of the Accused Instrumentalities. Nor does it identify any customers or users of the Accused Instrumentalities.

Instead, in its twelve counts for patent infringement, the SAC simply jumps to the legal conclusion that (1) Verifone's manufacture, use, sale, and offer for sale of the Accused Instrumentalities constitutes infringement, (2) Verifone induces infringement by actively aiding and abetting its customers' direct infringement through use of the Accused Instrumentalities, (3) Verifone contributorily infringes by offering, selling, and importing the Accused Instrumentalities, and (4) Verifone's infringement is willful. *Id*. ¶¶ 18-147.

## IV.   ARGUMENT

### A.   Legal Standard

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007)); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) ("a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has 'a plausible claim for relief'") (citation omitted). "Threadbare recitals of the elements of a cause of action, supported

3

by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Thus, a court should first "separate the factual and legal elements of a claim, accepting 'all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions.'" *Blue Spike*, 2019 WL 4242930, at *1, *citing Fowler*, 578 F.3d at 210-11.  Then, a court should determine "whether the *facts* alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"  *Id*. (internal citations omitted) (emphasis added).  That is, a plausible claim for relief does more than "merely allege entitlement to relief; it must also demonstrate the basis for that 'entitlement with its facts.'"  *Id*. (internal citations omitted).  Thus, for a claim to survive a Rule 12(b)(6) challenge, it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

With respect to a claim of patent infringement, Plaintiffs need to plead facts that "plausibly indicate that Defendant's accused instrumentalities practice each of the limitations asserted in the relevant claims."  *Blue Spike*, 2019 WL 4242930, at *2, *citing Raindance Techs. Inc. v. 10x Genomics, Inc.*, C.A. No. 15-152-RGA, 2016 WL 927143, at *2-3 (D. Del. Mar. 4, 2016); *see also Modern Telecom Sys., LLC v. TCL Corp.*, C.A. No. 17-583-LPS-CJB, 2017 WL 652526, at *2-3 (D. Del. Dec. 21, 2017).  "There needs to be *some facts* alleged that articulate *why it is plausible* that the other party's product infringes that patent claim—not just the patentee asserting, in conclusory fashion, that it is so."  *North Star Innovations*, 2017 WL 5501489 at *2 (emphasis in original).

**B.     The Court Should Dismiss Counts I through XII of the SAC**

**1.     The SAC Fails to Plead Facts to Support a Plausible Claim of Direct Infringement**

Counts I through XII of the SAC each purports to state a claim of direct infringement based on Verifone's manufacture, use, sale, and offer for sale of the Accused Instrumentalities. SAC (D.I.12) ¶¶ 18-147. The factual allegations supporting the direct infringement claims, however, are limited to:

- an identification of the asserted patent (*see id.* ¶¶ 19, 31, 43, 55, 67, 79, 89, 99, 109, 119, 129, 139);

- a statement that one of the Plaintiffs owns the asserted patent (*see id.* ¶¶ 13-17, 20, 32, 44, 56, 68, 80, 90, 100, 110, 120, 130, 140); and

- a statement that Verifone "makes, uses, sells and offers for sale, provides, and causes to be used" Accused Instrumentalities that include the Carbon Mobile 5, UX 300, V400m, VX680, and VX690 devices (*see id.* ¶¶ 8-9).

Even accepting all these factual allegations as true, the only thing these factual allegations establish is that Plaintiffs own the asserted patents and that Verifone sells the Accused Instrumentalities. Based on that alone, for each of count I through XII, the SAC concludes, on "information and belief" that:

- Verifone "has and continues to directly infringe" by "making, using, selling, importing, offering for sale, providing, practicing, and causing the Accused Instrumentality that infringe the patented methods" (*see id.* ¶¶ 21, 33, 45, 57, 69, 81, 91, 101, 111, 121, 131, 141).

But the SAC offers no factual allegations as to what the asserted claims require and how Plaintiffs contend the Accused Instrumentalities meet those requirements. *Id.* ¶¶ 18-147. In short, there are no factual allegations supporting Plaintiffs' legal allegations of infringement.

This District has repeatedly found barebones allegations like that in Plaintiffs' SAC insufficient to support a plausible claim for infringement under the Supreme Court's standard articulated under *Iqbal* and *Twombly*. *See*, *e.g., SIPCO*, 230 F. Supp. 3d at 353 (stating that

5

infringement claims require more factual support than just allegations that defendants sell accused products and that the products infringe); *North Star Innovations,* 2017 WL 5501489, at *2 (stating that "a patentee cannot meet its obligation to assert a plausible claim of infringement under the Twombly/Iqbal standard by merely copying the language of a claim element, and then baldly stating (without more) that an accused product has such an element"); *Raindance Techs.*, 2016 WL 927143, at *2-3 (finding complaint that "makes no attempt to relate any factual assertions" regarding the accused devices "with any of the asserted claims" did not state a claim for patent infringement).

The Federal Circuit's recent decision in *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256 (Fed. Cir. 2018) is not inconsistent with these prior rulings. In *Disc Disease*, the Federal Circuit reversed a district court's dismissal of claims where the Complaint identified the defendant's "products and alleged that the products meet 'each and every element of at least one claim of the [asserted] Patent, either literally or equivalently.'" 888 F.3d at 1258. But in making this ruling, the Federal Circuit noted that the asserted patents were directed to a very simple technology consisting of only four independent claims covering an air injectable band with a rigid panel to be worn around the waist to relive back pain. *Id*. at 1260. The complaint identified specific accused products by name and alleged that each were "an inflatable belt for use with support panels" that "meet each and every element of at least one claim." *Id*.; *see also Disc Disease Solutions, Inc. v. VGH Solutions, Inc.*, Case No. 1:15-cv-188, D.I. 1 (Complaint) at ¶¶ 14, 24 (M.D. Ga) (attached hereto as Ex. 1). The *Disc Disease* complaint also included photographs of the accused products, purportedly showing how the accused belts met the elements of the asserted claims. *Id*. Thus, applying the same *Iqbal/Twombly* standards, the *Disc Disease* decision found the complaint sufficient under the specific facts of that case.

The specific facts of *Disc Disease*, however, are not analogous to the facts here. Unlike the four independent claims in *Disc Disease* covering a very simple back brace technology, Plaintiffs here assert at least 65 claims from twelve patents belonging to three different families. The technology in this case is not directed to readily observable features of a simple device. Plaintiffs allege that the asserted patents relate to technology for cellular communications networks. SAC (D.I.12) ¶¶ 13-14. But they make no allegations that provide any insight as to what aspect of complex cellular communications networks is covered by the asserted patents or implicated by Verifone's products. And while the plaintiff in *Disc Disease* described the accused device and attached photographs of the accused devices, Plaintiffs here fail to include any information in the SAC about Verifone's Accused Instrumentalities. There are no photographs of the Accused Instrumentalities and Plaintiffs do not even allege what Verifone's Accused Instrumentalities are, how they work, or what features are relevant to the asserted claims.

Moreover, since the Federal Circuit's decision in *Disc Disease*, this District has continued to find allegations that mirror those asserted by Plaintiffs in the SAC to be insufficient. *See Blue Spike*, 2019 WL 4242930, at *2-4 (finding allegations that aver ownership of patents, describe the accused device, and then conclude infringement without more are insufficient to state a claim for patent infringement); *Horatio Washington Depot Techs. LLC v. TOLMAR, Inc.*, C.A. No. 17-1086-LPS, 2018 WL 5669168, at *12 (D. Del. Nov. 1, 2018) (recommending granting of motion to dismiss as to direct infringement of claims where complaint fails to allege facts stating that accused compound met certain limitations of the asserted claims).

Indeed, this Court specifically distinguished *Disc Disease* in *Horatio Washington Depot Techs.* There, the Court recommended dismissal where the complaint failed to allege certain

7

limitations required by the asserted claims were met by the accused product, noting that, unlike *Disc Disease*, this was not a case "where the Court could otherwise figure out on its own why it is that the accused product, or methods of using it, necessarily implicates those limitations." 2018 WL 5669168, at *11-12. That is exactly the situation here. Plaintiffs have offered no factual allegations in the SAC that would enable the Court to determine on its own why it is that Verifone's Accused Instrumentalities, or methods of using them, necessarily implicates the claims of the asserted patents.

Other cases in this District that have found pleadings sufficient under *Disc Disease* are distinguishable. They involve pleadings that either included claim charts or described features of the accused devices and how they met each and every limitation of the asserted claims. *See*, *e.g.*, *AgroFresh Inc. v. Hazel Technologies, Inc.*, C.A. No. 18-1486-MN, 2019 WL 1859296, at *2 (D. Del. Apr. 25, 2019) (complaint included allegations describing the patented technology as well as features of the accused devices that the plaintiff claimed met the limitations of the asserted claim); *LoganTree LP v. Omrom Healthcare, Inc.*, C.A. No. 18-1617-MN, 2019 WL 4538730, at *3 (D. Del. Sept. 19, 2019) (complaint included allegations describing how the accused products met each and every limitation and included claim charts). Plaintiffs' SAC does not include any claim charts and aside from naming some of the accused devices "among other devices," does not make a single allegation about what those devices are, what features they have, how they are used, or how they meet the limitations of the asserted claims. Accordingly, this Court should dismiss the direct infringement claims in counts I through XII of the SAC.

> **2. The SAC Fails to Plead Facts to Support a Plausible Claim of Indirect and Willful Infringement**

Counts I through XII include charges of indirect and willful infringement. SAC (D.I.12) at ¶¶ 23-28, 34-40, 46-52, 58-64, 70-76, 82-86, 92-96, 102-106, 112-116, 122-126, 132-136,

142-146. For each of these claims, Plaintiffs rely on the same allegations discussed in Section IV.B.1, above to support the underlying direct infringement allegations. As explained above, however, Plaintiffs' factual allegations are insufficient to support the underlying direct infringement necessary to state a claim for indirect or willful infringement. *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926-28 (2015) (holding that proof of inducement requires direct infringement by another); *Valinge Innovations AB v. Halstead New England Corp.*, C.A. No. 16-1082-LPS-CJB, 2018 WL 2411218, at *12-13 (D. Del. May 29, 2018) (finding that claim of willful infringement requires pleading of facts sufficient to state plausible claim of underlying direct infringement).

## V. CONCLUSION

For the foregoing reasons, Verifone respectfully requests this Court dismiss Plaintiffs' SAC in its entirety and, pursuant to the accompanying Motion for Sanctions, award Verifone its fees and costs associated with bringing this motion.

|  |  |
|---|---|
| OF COUNSEL: | Respectfully submitted,<br>POTTER ANDERSON & CORROON LLP<br><br>By: */s/ David E. Moore*<br>David E. Moore (#3983)<br>Bindu A. Palapura (#5370)<br>Stephanie E. O'Byrne (#4446)<br>Tracey E. Timlin (#6469)<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>Tel: (302) 984-6000<br>dmoore@potteranderson.com<br>bpalapura@potteranderson.com<br>sobyrne@potteranderson.com<br>ttimlin@potteranderson.com<br><br>*Attorneys for Defendant VeriFone, Inc.* |

Carolyn Chang
Hector J. Ribera
Ryan J. Marton
MARTON RIBERA SCHUMANN CHANG LLP
548 Market Street, Suite 36117
San Francisco, CA 94104
Tel: (415) 360-2511

Dated: November 12, 2019
6472193 / 49355

9