# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SISVEL INTERNATIONAL S.A., and 3G LICENSING S.A., <br><br> Plaintiffs, <br><br> v. <br><br> CRADLEPOINT, INC., <br><br> Defendant. | Civil Action No. 1:19-cv-01142-MN |
| SISVEL INTERNATIONAL S.A., and 3G LICENSING S.A., <br><br> Plaintiffs, <br><br> v. <br><br> HONEYWELL INTERNATIONAL, INC., <br><br> Defendant. | Civil Action No. 1:19-cv-01143-MN |
| SISVEL INTERNATIONAL S.A., and 3G LICENSING S.A., <br><br> Plaintiffs, <br><br> v. <br><br> VERIFONE, INC. <br><br> Defendant. | Civil Action No. 1:19-cv-01144-MN |
| SISVEL INTERNATIONAL S.A., and 3G LICENSING S.A., <br><br> Plaintiffs, <br><br> v. <br><br> XIRGO TECHNOLOGIES, LLC, <br><br> Defendant. | Civil Action No. 1:19-cv-01145-MN |

**JOINT LETTER REGARDING COORDINATION WITH LATER-FILED CASES**

Pursuant to the Court's June 23, 2020 order in C.A. Nos. 19-1142, 19-1143, 19-1144, and 19-1145 ("First-Round Cases") seeking the parties' positions regarding coordination of these First-Round Cases with the later-filed cases (C.A. Nos. 20-649, 20-651 through 20-656, 20-658, and 20-659) ("Second-Round Cases"), the parties jointly submit the following information.

**I.      PLAINTIFFS' POSITION**

Plaintiffs believe that each round of complaints should be kept on separate tracks to better manage the complaints.  Moreover, given the differing case dynamics between the rounds of complaints consolidation is not practical.

For example, the parties in each round of complaints only partially overlap.  The First-Round Cases were brought by Sisvel International, S.A. and 3G Licensing S.A. but the Second-Round Cases included a new Plaintiff, Sisvel S.p.A.  There are also additional defendants in the Second-Round Cases that were not part of the First-Round.

The two rounds of complaints also contain different patents concerning different aspects of the cellular standards, which do not completely overlap from the first to second round of complaints.  Where the First-Round Cases concern 2G, 3G and 4G technology, the Second-Round Cases are only 3G and 4G.

The timing of the rounds of complaints makes consolidation problematic.  The First-Round Cases were filed over a year ago.  In view of the ongoing COVID19 pandemic and to encourage settlement talks, the Second-Round Cases have not yet been served.  Consolidation of the First-Round and Second-Round Cases will necessarily delay adjudication of the First-Round Cases.  Plaintiffs will be prejudiced by this delay if the rounds of complaints are allowed to be consolidated.

Therefore, Plaintiffs believe that each round of complaints should proceed on their own track to avoid any unnecessary prejudice to any of the parties and allow each round of complaints to be more effectively managed.

## II.     DEFENDANTS' POSITION

Some coordination of fact discovery makes sense, but there should be no consolidation because of the significantly different procedural posture of the cases, the large differences amongst patent assertions against each defendant, and the involvement of numerous additional defendants in the Second-Round Cases that are not parties to the First-Round Cases.

For three of the Defendants (Cradlepoint, Honeywell, and Xirgo), the First-Round Cases involve six patents from five families.  For the remaining defendant (Verifone), the First-Round Case involves twelve patents from six families.  Regardless, all Defendants in the First-Round Cases have filed their answers and counterclaims in response to Plaintiffs' complaints.  Additionally, Cradlepoint and/or others who are not parties to the First-Round Cases have filed petitions for *inter partes* review (IPR) for each of the asserted patents in the First-Round Cases.  Cradlepoint believes that these petitions will be instituted and, upon this anticipated institution, intends to move to stay its First-Round Case later this year.  Plaintiffs have indicated that, in the event the PTAB institutes the IPRs, Plaintiffs may consider agreeing to a stay at that time.

The Second-Round Cases assert nine patents against the Defendants, none of which are related to either one another or any of the patents asserted in the First-Round Cases.  In addition to asserting these nine new patents against the four Defendants submitting this report, Plaintiffs also assert these patents against nine other defendants as well, four before Your Honor, as well as two others before Judge Stark or in other districts.  Of these other nine defendants, five (HMD, Noetic, OnePlus, TCL, and Wiko) have no involvement in any First-Round Cases.  Plaintiffs have yet to serve any of the complaints in the Second-Round Cases.

Defendants do not believe that consolidation of the First- and Second-Round Cases (for either pre-trial or trial purposes) is appropriate given the different procedural posture of the cases, the number of different patents being asserted, and the involvement of additional defendants in the Second-Round Cases that are not parties to the First-Round Cases.  The administrative complexity of combining so many differently-situated patents and parties, not to mention cases at different stages, mitigates against any suggestion that efficiencies would be gained by consolidation.  Tasks that should be simple, such as defense coordination of *Markman* briefing, become impractical, if not near impossible, when the eight defendants before this Court are each faced with different sets of patents asserted against them—some with only nine patents, some with fifteen, and some with twenty-one.  Additionally, Cradlepoint does not agree that it would be just or appropriate for any consolidation to reduce the odds of success for its anticipated motion to stay its First-Round Case.

That being said, Defendants believe that some coordination of fact discovery between the First-Round Cases and the Second-Round Cases will promote efficiency and save costs for the parties.  Best as Defendants can tell, the same accused products are at issue in both rounds of cases.  There is likely to be significant overlap in written discovery and depositions regarding the operation of the accused devices, as well as their related financials.  Thus, Defendants propose that the parties be given time to confer and, hopefully, negotiate an agreement for shared fact discovery between the cases.  Plaintiffs have indicated they are amenable to considering an understanding regarding the use of and limits on discovery between the two sets of cases.  Accordingly, Defendants believe any discovery schedule adopted for the First-Round Cases should be coordinated with the scheduling of the Second-Round Cases to allow for such coordination.

Dated: July 7, 2020

OF COUNSEL:

Carolyn Chang
Hector J. Ribera
Ryan J. Marton
MARTON RIBERA SCHUMANN & CHANG LLP
548 Market Street, Suite 36117
San Francisco, CA 94104
415-360-2511

Respectfully submitted,

DEVLIN LAW FIRM LLC

/s/ *Timothy Devlin*
Timothy Devlin (DE No. 4241)
tdevlin@devlinlawfirm.com
Neil A. Benchell (admitted *pro hac vice*)
nbenchell@devlinlawfirm.com
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Plaintiff,
Sisvel International S.A.*

POTTER ANDERSON & CORROON LLP

/s/ David E. Moore
David E. Moore (#2246)
dmoore@potteranderson.com
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899
302-984-6147

*Attorneys for Defendant
VeriFone, Inc.*

|  | ASHBY & GEDDES |
|---|---|
|  | */s/ Steven J. Balick* |
| *Of Counsel*: | Steven J. Balick (#2114) |
|  | Andrew C. Mayo (#5207) |
| Mark M. Supko | 500 Delaware Avenue, 8th Floor |
| Joshua M. Rychlinski | P.O. Box 1150 |
| Zach Ruby | Wilmington, DE 19899 |
| Emily G. Tucker | (302) 654-1888 |
| CROWELL & MORING LLP | sbalick@ashbygeddes.com |
| 1001 Pennsylvania Avenue NW | amayo@ashbygeddes.com |
| Washington, DC 20004 |  |
| (202) 624-2500 | *Attorneys for Defendant Honeywell International, Inc.* |
| msupko@crowell.com |  |
| jrychlinski@crowell.com |  |
| zruby@crowell.com |  |
| etucker@crowell.com |  |

Brian Paul Gearing
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY 10022
(212) 223-4000
bgearing@crowell.com

Robert P. McNary
CROWELL & MORING LLP
515 S Flower St., 40th Floor
Los Angeles, CA 90071
(213) 622-4750
rmcnary@crowell.com

|  | */s/ Kelly E. Farnan* |
|---|---|
|  | Kelly E. Farnan (#4395) |
| OF COUNSEL: | Richards, Layton & Finger, P.A. |
|  | 920 North King St. |
| Amanda Tessar | Wilmington, DE 19801 |
| Roderick O'Dorisio | Telephone: 302.651.7705 |
| Perkins Coie LLP | farnan@rlf.com |
| 1900 Sixteenth Street, Suite 1400 |  |
| Denver, CO 80202-5255 | *Attorneys for Defendant Cradlepoint Inc.* |
| Telephone: 303.291.2300 |  |
| ATessar@perkinscoie.com |  |
| DLarkin@perkinscoie.com |  |
| RODorisio@perkinscoie.com |  |

6

Daniel T. Keese
Perkins Coie LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
DKeese@perkinscoie.com

/s/ Kenneth L. Dorsney
Kenneth L. Dorsney (#3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
(302) 888-6800
kdorsney@morrisjames.com

OF COUNSEL:
Steven Sereboff, ssereboff@socalip.com
Michael D. Harris, mharris@socalip.com
SoCal IP Law Group LLP
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
(805) 230-1350

*Attorneys for Defendant*
 *Xirgo Technologies, LLC*